**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:02cr54-1 |
| | § | |
| DALVIN DURELL ERWIN | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On March 23, 2009, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Dalvin Durell Erwin. The United States was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey, Assistant Federal Public Defender.

Defendant originally pleaded guilty to the offense of Possession of a Firearm During a Drug Trafficking Crime, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guidelines prescribe a required term of five (5) years. On April 14, 2003, United States District Judge William M. Steger sentenced Defendant to sixty (60) months imprisonment and three (3) years supervised release, subject to the standard conditions of release, plus special conditions which included disclosure of financial information and drug aftercare. On December 13, 2006, Defendant completed his term of imprisonment and began the three (3) year term of supervised release.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime, as well as possessing a firearm, destructive device, or any other dangerous weapon. In its petition, the government alleges that Defendant violated these conditions during an altercation involving a gun shooting at 1808 N. Grand Street in Tyler, Texas. On October

9, 2008, Defendant was charged with the offenses of Unlawful Possession of a Firearm by a Felon, Cause No. 241-1555-08, and Deadly Conduct, Cause No. 241-1554-08, in the 241st District Court, Smith County, Texas.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five (5) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by committing a federal, state, or local crime, Defendant will be guilty of committing a Grade A violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade A violation is thirty-seven (37) to forty-six (46) months. U.S.S.G. § 7B1.4(a).

Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by possessing a firearm, destructive device, or any other dangerous weapon, Defendant will be guilty of committing a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is twelve (12) to eighteen (18) months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the first violation of the condition that Defendant not commit another federal, state, or local crime as to the charged offense of Unlawful Possession of a Firearm

by a Felon as alleged in the petition. Further, the parties agreed to recommend a sentence of eighteen (18) months, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant Dalvin Durell Erwin be committed to the custody of the Bureau of Prisons for a term of imprisonment of eighteen (18) months with no supervised release to follow, with Defendant's term of imprisonment starting on April 20, 2009. The Court further **RECOMMENDS** that Defendant be imprisoned at the FCI facility in Fort Worth.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 26th day of March, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE